**Ex parte MAINELLO.**

Civ. 4405.

United States District Court
W. D. New York.

Dec. 9, 1949.

Michael Mainello, pro se.

BURKE, District Judge.

The only question raised by the petitioner in this proceeding, which he now claims to be a violation of his constitutional rights under the Federal Constitution is that he is committed on a judgment which recites a plea of guilty on October 17th, 1944 under the crime of grand larceny second degree, the caption of which judgment refers to indictment No.16981-B. The petition shows that this indictment was dismissed on motion of the District Attorney, on January 26th, 1948. The petition further alleges that the petitioner appealed directly to the Appellate Division and to the Court of Appeals. It appears by the memorandum decision of the Appellate Division, People v. Mainello, 271 App.Div. 1050, 69 N.Y.S.2d 245, that judgment of conviction and orders were affirmed on the ground that the record shows no prejudice to the defendant, one judge dissenting. The memorandum decision of the Court of Appeals, Id., 297 N.Y. 743, 77 N.E.2d 323, shows that there was an appeal by permission of one of the judges of that court from, (1) a judgment of the Appellate Division entered March 5th, 1947, which affirmed a judgment of the Erie County Court convicting defendant of the crime of grand larceny in the second degree upon defendant's plea of guilty to such crime, and (2) from two orders of the County Court entered December 13th, 1944, and March 28th, 1945, respectively, denying motions by defendant to withdraw his plea of guilty and to reinstate his plea of not guilty. By an indictment (No. 19681-A) he was charged by separate counts with grand larceny in the first degree for stealing an automobile on September 3rd, 1943, and with criminally receiving said automobile in violation of Section 1308 of the Penal Law, McK. Consol. Laws, c. 40. By another indictment (No. 19681-B) he and another were charged in separate counts with burglary in the third degree and grand larceny in the second degree in breaking into a garage on December 12th, 1943 and stealing garage tools and tires. In the Court of Appeals he contended that the County Court had abused the discretionary powers granted to it by Section 337 of the Code of Criminal Procedure in denying his motions to withdraw his plea of guilty and to reinstate his plea of not guilty, and that the judgment of conviction had been directed to an indictment No. 19681-B, but that all proceedings had been held under indictment No. 19681-A. He was represented by counsel both on the appeals and in the county court. It further appears in the Court of Appeals memorandum decision that through a clerical error by the Clerk of the trial court, all of the proceedings, plea of guilty, sentence, etc., had been indexed under indictment No. 19681-B instead of 19681-A; that the error was not discovered until after the record on appeal had been printed and that an order had since been made correcting the error.

I have examined the record on appeal and the briefs filed, both on the appeal to the Appellate Division and to the Court of Appeals. It is stated as part of one of the Points of petitioner's brief in the Court of Appeals that all proceedings were held under indictment No. 19681-A. The record on appeal discloses that the District Attorney moved indictment No. 19681-A for trial

on October 17th, 1944. The defendant, through his attorney, offered a plea of guilty to grand larceny second degree. He then, in response to a question by the District Attorney, withdrew his former plea of not guilty to the first count of indictment No. 19681-A and in response to a question by the Court he, through his attorney, entered a plea of guilty under the first count of indictment No. 19681-A to grand larceny second degree.

The application for a writ should be denied upon the ground that, if there were any constitutional questions involved in connection with the proceedings in county court, they were waived because they were not raised upon appeal. No more than a clerical error was involved in the reference to indictment No. 19681-B in the judgment of conviction. The application should be denied upon the further ground that upon the merits it does not appear that any constitutional rights of the petitioner have been prejudiced.

It is hereby so ordered.